An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA13-985

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014


IN RE:

                                    Wilkes County
                                    No. 11 JT 56
C.B.J.



     Appeal by respondent from order entered 3 June 2013 by Judge Michael D. Duncan in Wilkes County District Court.  Heard in the Court of Appeals 13 January 2014.

     *Paul W. Freeman, Jr., for petitioner-appellee Wilkes County Department of Social Services.*

     *David A. Perez for respondent-appellant mother.*

     *Louise M. Paglen for guardian ad litem.*


     BRYANT, Judge.


     Where the trial court's findings of fact are supported by the evidence, and support its conclusion that grounds existed to terminate parental rights, we will not disturb the trial court's ruling on appeal.

Respondent-mother appeals from an order terminating her parental rights to her son Chad.[1] Chad was born in 2008 and, due to the deplorable living conditions in which he was found ("extremely cluttered, dirty, and roach infested" home), Chad was adjudicated to be a neglected juvenile by order filed 9 June 2011. The Wilkes County Department of Social Services ("DSS") filed a petition to terminate the parental rights of Chad's parents on 12 June 2012. The trial court conducted a hearing upon the petition on 17 May 2013. Neither respondent nor Chad's father appeared for the hearing. At the conclusion of the hearing, the trial court determined grounds existed to terminate the parental rights of both parents pursuant to N.C. Gen. Stat. §§ 7B-1111(a)(1), (2), (3) and (7). The trial court also concluded that it was in Chad's best interest for parental rights to be terminated. The trial court terminated parental rights and authorized DSS to complete the adoptive process. Respondent appeals.[2]

_____

On appeal, respondent's sole contention is that the trial

_____

[1] Chad is a pseudonym used to protect the identity of the juvenile pursuant to N.C.R. App. P. 3.1(b).

[2] The order also terminated the parental rights of the juvenile's father, but he is not a party to this appeal.

court erred and abused its discretion by finding it was in Chad's best interest to terminate her parental rights. We disagree.

> The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law. We then consider, based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interest of the child.

*In re Shepard*, 162 N.C. App. 215, 221–22, 591 S.E.2d 1, 6 (2004) (citation and quotation marks omitted). North Carolina General Statutes, section 7B-1110(a), states that:

> After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest. The court may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the best interests of the juvenile. In each case, the court shall consider the following criteria and make written findings regarding the following that are relevant:
>
> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the

accomplishment of the permanent plan for the juvenile.

(4) The bond between the juvenile and the parent.

(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.

(6) Any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a) (2013). In determining the best interest of the child, a court may assign more weight to one or more factors. *In re C.L.C.*, 171 N.C. App. 438, 448, 615 S.E.2d 704, 709 (2005).

Here, the trial court made the following findings of fact in determining whether termination of parental rights would be in Chad's best interest:

21. [Chad] has been in the care and custody of the Wilkes County Department of Social Services since he was approximately 2 years and 11 months of age. He has been in his current placement since he was approximately 3 years and 10 months of age. He is now 5 years old. Because of his age and the length of separation from his parents, [Chad] has no relationship with his biological parents.

22. [Chad] is very bonded to his current foster parents and their daughter. The foster parents are also bonded to [Chad], although as pointed out above, they do not currently plan to adopt him.

23. For dispositional purposes, the Court admitted and considered the Guardian <u>Ad Litem's</u> report. From this report and the testimony of the Social Worker, the Court finds that [Chad] is adoptable, despite his behavior issues; and that [Chad's] behaviors do not pose a barrier to the child's adoption.

24. Given the child's age, the Court finds that there is a likelihood that [Chad] will be adopted; and that termination of parental rights will aid in the accomplishment of this adoption. Adoption has been approved as part of a concurrent Plan in the underlying juvenile proceeding.

Respondent challenges the trial court's findings that Chad is adoptable and is likely to be adopted despite his behavioral issues. She argues these findings are not supported by evidence. She also submits the trial court improperly considered the bond between Chad and his current foster parents because the relevant consideration under N.C.G.S. § 7B-1110(a)(5) is the relationship between the child and a proposed adoptive parent or permanent placement.

Findings of fact are binding "where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." *In re Montgomery*, 311 N.C. 101, 110—11, 316 S.E.2d 246, 252—53 (1984). The trial court "may consider any evidence, including hearsay evidence . . .

that the court finds to be relevant, reliable, and necessary to determine the best interests of the juvenile."  N.C.G.S. § 7B-1110(a).

The report of the guardian ad litem indicates that Chad "is young and very adoptable"; that the parental rights of his parents "need to be terminated in order for him to be legally free for adoption"; and that a "potential adoptive home" should be located for him "as soon as possible."  The social worker testified that although Chad's behavioral issues would make adoption "difficult," he is "not the first child that we've had in our care that's had behavioral or emotional issues" and that adoptive placements have been found "[f]airly routinely" for those children.  She also testified that Chad has a great relationship and gets along well with his current foster parents.

We conclude the foregoing evidence supports the trial court's findings that it was in Chad's best interest to terminate the parental rights of his parents.  The fact that Chad is able to form a strong relationship with his foster parents is a relevant consideration as it indicates he has the ability to bond and form a relationship with a prospective adoptive family when one is located.  Accordingly, the trial

court did not abuse its discretion in terminating respondent's parental rights.

Affirmed.

Judges HUNTER, Robert C., and STEELMAN concur.

Report per Rule 30(e).